**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re:

Michael Alberto Perez

    Debtor

_____/

CreditBox.com, L.L.C.,

    Plaintiff,

v.

Michael Alberto Perez

    Defendant.

_____/

Chapter 7

Bankruptcy Case No. 19-31030

Adversary No. 20-00069

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. The Parties**

1. The Plaintiffs are CreditBox.com, L.L.C. ("Plaintiff")
2. The Defendant is Michael Alberto Perez ("Defendant")

**B. Factual Background**

1. Defendant filed a Chapter 7 Bankruptcy on October 31, 2019 ("Petition Date"), seeking a discharge of all unsecured debt including without limitation, CreditBox.com, L.L.C. Loan No.X263, in which the loan was listed on Debtor's Schedule E/F.
2. On February 17, 2020, Plaintiff issued a Summons and Complaint pursuant to title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") seeking an exception to discharge for the amount of $1,110.70.
3. That on February 17, 2020, a copy of the summons and Complaint was served in accordance with Fed. R. Bank. P. 7004 via First Class Mail, postage prepaid to:
   a. Michael Alberto Perez, 5808 S. Sawyer Ave., Chicago, IL 60629.
   b. Attorney, Ryan S Fojo, Geraci Law L.L.C., 55 E. Monroe St., Suite #3400, Chicago, IL 60603
4. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.
5. No evidence has been presented to challenge the validity of Plaintiff's claim.
6. No evidence has been presented to show that the Defendant did not lack the intent to repay the loan.

7. Counsel for Plaintiff has again reviewed the Debtor's bankruptcy petition, statement and schedules, together with the account transaction history for purposes of this motion for default judgment. The loan was incurred 6 days prior to the filing of his Chapter 7 bankruptcy petition.
8. Defendant executed his Chapter 7 Retainer Agreement with his attorney on October 16, 2019 which was **9 days prior to** entering into the Loan Agreement with CreditBox.com, L.L.C.
9. The Defendant did not make a single payment toward the loan.
10. On or about April 8, 2020, the Plaintiff filed a notice of Motion and motion for entry of default and notice of motion and motion for entry of default judgement after the Defendant had failed to file a timely response.

## CONCLUSIONS OF LAW

### A. Jurisdiction
1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I)
2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 (b).
3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument
1. This action was initiated under 11 U.S.C. § 523(a)(2)(A).
2. The Defendant incorrectly scheduled the Plaintiff's claim in the amount of $2,000.00 whereas the amount owed to the plaintiff at the time of the filing of the bankruptcy was $2,066.42.
3. To obtain a determination under section 523(a)(2) of the Bankruptcy Code that a debt is non-dischargeable, the plaintiff must show that (a) the defendant made representations to the plaintiff, (b) the defendant knew the representations were false, (c) the defendant made the misrepresentations with the intention of deceiving the plaintiff, (d) the plaintiff justifiably relied on such representations and (e) the plaintiff sustained a loss as the proximate result of the defendant's conduct. *See, e.g., Grogan v. Garner,* 498 U.S. 279, 287-288, 111 S.Ct. 654, 659-660 (1991). *See also Field v. Mans,* 116 S.Ct. 437 (1995); *Citibank v. Eashai,* 87 F.3d 1082, 1092 (9th Cir. 1996); *In re Hostetter,* 320 B.R. 674, 681 (Bankr. N.D.Ind. 2005); *in re Briese,* 196 B.R. 440, 446 (Bankr. W.D.S.Wis 1996); see also *Mayer v. Spanel Intern Ltd.,* 51 F.3d 670, 673 (7th Cir. 1995).
4. By applying for the Loan, entering into the Agreement and accepting the Loan, Defendant represented that she would repay the Loan in accordance with the terms and conditions of the Agreement (the "Representations").

5. Pursuant to the Loan Agreement under Representations and Warranties the Defendant explicitly promises, represents and warrants under line (g) "that you are not currently a debtor under any proceeding in bankruptcy and that you have **no intention** to file a petition for relief under any chapter of the United States Bankruptcy Code."
6. Defendant intended for Plaintiff to rely on the Representations.
7. The Representations induced Plaintiff to extend the Loan to Defendant.
8. Courts may infer a debtor's lack of intent to repay from objective factors. *In re Eashai*, 87 F.3d 1082 (9th Cir. 1996); *see also In re Dougherty*, 84 B.R. 653, 656 (9th Cir. BAP 1988); *In re Hostetter*, 320 B.R. 674, 685 (Bankr. N.D.Ind. 2005); *In re Green*, 286 B.R. 173, 180 (Bankr. C.D.Ill. 2003); *In re Canovas*, 237 B.R. 428 (Bankr. N.D.Ill. 1998); *In re Nahas*, 181 B.R. 930, 934 (Bankr. S.D.Ind. 1994). These factors include but are not limited to:
    a. The length of time between the charges made and the filing of bankruptcy;
    b. Whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges were made;
    c. The number of charges made;
    d. The amount of the charges;
    e. The financial condition of the debtor at the time the charges are made;
    f. Whether the charges were above the credit limit of the account;
    g. Whether the debtor made multiple charges on the same day;
    h. Whether or not the debtor was employed;
    i. The debtor's prospects for employment;
    j. Financial sophistication of the debtor;
    k. Whether there was a sudden change in the debtor's buying habits; and
    l. Whether the purchases were made for luxuries or necessities
9. Upon information and belief, Defendant was insolvent at the time of the Loan.
10. Plaintiff had no notice before the Petition Date that Defendant was insolvent.
11. Indeed, Plaintiff had no notice of the true nature of Defendant's financial condition.
12. Plaintiff justifiably relied on the Defendant's Representations.
13. Plaintiff has incurred damages including interest and fees up to the time of filing in the amount of $2,066.42 by extending the Loan to the Defendant in reliance upon the Representations.
14. Defendant obtained the Loan from Plaintiff through false pretenses, false representations and actual fraud.

15. For a default judgment, it is appropriate for the creditor to present and for the Court to consider the circumstantial evidence existing and available to the Court providing insight into the Debtor's intent with respect to the application and use of the loans. The 5th Circuit states that "a debtor rarely will admit card-debt is incurred with the intention of not paying it; therefore the creditor may rely on circumstantial evidence to prove the debtor's state of mind at card use." *In Re: Mercer*, 246 F.3d 391 at 409; citing the 9th Circuit's similar holding *In Re: Hashemi*, 104 F.3d 1122 (9th Cir.1996). The implied intent to repay through card use representation "...*is false if there is use without the intent.*" *Mercer*, 246 F.3d 391 at 408; *Hashemi* F.3d 1122 at 1126. Additionally, the Court noted that hopeless insolvency at the time of the charge on the credit card was a part of the analysis or *"one method of establishing"* the debtor's intent not to pay. *Mercer*, 246 F.3d 391 at 408.

The goal of the enumerated Dougherty factors is to determine the debtor's subjective intent while using the credit card, by circumstantial evidence. The restatement (2d) of Torts §531 and states that *"a resect is intended if the actor either acts with the desire to cause it or acts believing that there is a substantial certainty that the result will follow from his conduct."* Id §531, Comment.

11. Because the schedules that the Defendant filed with his petition for bankruptcy relief show that at the time that the Defendant applied for the loans in question, Defendant had a negative cash flow of only $386.53 per month and had no ability or means of paying the bi-weekly amount of $376.86; and because of the proximity of the time prior to seeking dischargeability that Defendant applied for the entered into a retainer agreement with his attorney on October 16, 2019 which was **9 days prior to** entering into the Loan Agreement with CreditBox.com, L.L.C.; it is inferred that the Defendant defrauded the Plaintiff by accepting the funds without the intent to ever repay the same and therefore said loans are not dischargeable.

Dated: **2 8 APR 2020**

Enter:

United States Bankruptcy Judge

LEFKOWITZ LAW GROUP
Attorneys for Creditor/Plaintiff

**/s/ Brandon S. Lefkowitz**
Brandon S. Lefkowitz
ARDC No. 6301839
29777 Telegraph Road, Suite 2440
Southfield, MI 48034